NOT DESIGNATED FOR PUBLICATION

No. 118,425

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SANTIAGO RAMOS ZEFRINO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion filed March 30, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Santiago Zefrino appeals the sentence he received after he pleaded guilty to interference with law enforcement. Zefrino argues that the district court abused its discretion by not following the plea-agreement recommendation that he receive probation. But the district court was not bound by the plea agreement and did not abuse its discretion by imposing a 90-day jail sentence rather than probation.

On August 2, 2017, Zefrino pleaded no contest to interference with a law-enforcement officer—a misdemeanor—and third-offense driving under the influence of alcohol—a felony. The two charges were brought in separate cases in the district court; the appeal before us involves only the conviction and sentence for interference with a law-enforcement officer.

Zefrino and the State jointly recommended that the district court impose 90 days in jail and 12 months of parole for DUI, with an underlying sentence of 12 months that Zefrino would have to serve if he did not successfully complete parole. The parties also recommended that Zefrino receive 12 months of supervised probation for interference with a law-enforcement officer, with an underlying 90-day jail sentence. At sentencing, the district court ordered Zefrino to serve 90 days in jail for the DUI, consecutive to 90 days in jail for interference with a law-enforcement officer, followed by 12 months of post-imprisonment supervision in the DUI case.

Zefrino contends that the district court abused its discretion when it refused to follow the plea-agreement recommendation that he spend 12 months on supervised probation—rather than any additional time in jail—under the interference-with-a-law-enforcement-officer sentence. But a sentencing court is not bound by the terms of a plea agreement. *State v. Beck*, 307 Kan. 108, 108, 406 P.3d 377 (2017). And the decision to impose probation, rather than time in jail, is within the full discretion of the district court. *State v. Hurley*, 303 Kan. 575, Syl. ¶ 2, 363 P.3d 1095 (2016).

Accordingly, we review the district court's decision in Zefrino's case only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).We find nothing unreasonable about the district court's decision here. Zefrino pleaded guilty to interference with a law-enforcement officer when he gave a false name to police upon his arrest for domestic violence in June 2017. And, of course, this was not Zefrino's first criminal offense. A reasonable person could agree with the district court's decision to order Zefrino to serve time in jail.

On Zefrino's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S.

Ct. R. 48). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to send Zefrino to jail instead of sentencing him to probation.

We affirm the district court's judgment.